## J. H. McGUIRE v. J. H. PIERATT.

[Abstract Kentucky Law Reporter, Vol. 7—765.]

**Estoppel of Grantee.**

Where the purchaser of real estate executes notes and accepts a title bond, and afterwards voluntarily accepts a deed of conveyance of the land and makes no claim of a deficiency of acreage, and then sells and conveys the land, he is not in a position to resist recovery on his notes given for the purchase of the land on the ground that his grantor sold and bound himself by the title bond to convey a greater quantity than was afterwards found to be inside the boundary of the tract.

APPEAL FROM MORGAN CIRCUIT COURT.

April 1, 1886.

OPINION BY JUDGE LEWIS:

Appellant does not allege that he was ignorant of the boundary of the land or that his immediate vendor, McCormick, made any

misrepresentation in relation thereto. Nor did he sometime after the land was surveyed and the quantity ascertained contend for an abatement of the purchase-price on account of deficiency. On the contrary the evidence shows that he then agreed to accept a deed from Ingram, the vendor of McCormick, and a deed was soon after made, acknowledged and delivered to him, and afterward filed by him for record, and the title bond he held on McCormick given up. It is true the deed was not filed by appellant until after the commencement of this action by appellee to recover on the notes given for the balance of the purchase-money; but as appellant had previously given up the title bond, and afterward not only voluntarily accepted the deed but sold the land, it seems to us that he is not in a position to resist recovery on the notes on the ground that McCormick sold and bound himself by the title bond to convey a greater quantity than was afterward found to be inside the boundary of the tract. Whatever defense he might have had was waived when the title bond was surrendered and the deed accepted by him.

Judgment *affirmed*.

*Wood & Day, for appellant.*

*J. E. Cooper, for appellee.*